# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

PETER C. KRAUSER,                                    Case No.: 8:14-bk-14690-CPM

    Debtor.                                               Chapter 7

_____/

## OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTION

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

    Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, FL 33602, and serve a copy on the movant's attorney, Andrew W. Lennox, Lennox Law, P.A., 4905 S. Westshore Blvd., Tampa, FL 33611, and any other appropriate persons, within the time allowed.

    If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

    Joseph Swanson, Linda Swanson and Linda Swanson as Trustee of the Linda Zeigler Swanson Living Trust u/t/d 12/16/02 (collectively, "Swanson"), by and through undersigned counsel, and pursuant to Fed.R.Bankr.P. 4003, hereby objects to the exemptions claimed by the

Debtor, Peter C. Krauser ("Krauser"), of certain personal property, identified below. In support of this objection, Swanson states as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 19, 2014.

2. The Debtor's Schedule C (Doc. No. 1, page 13) reflects the exemptions claimed by the Debtor, the value of which totals $1,698,434.00.

3. On May 28, 2015, the Court entered its *Order Granting Motion for Extension of Time to File Objection to Debtor's Claims of Exemption* (Doc No. 49), which extended the deadline for Swanson to object to the Debtor's claims of exemption through and including June 22, 2015.

4. The Debtor has claimed as exempt, pursuant to 11 U.S.C. § 522(b)(3)(B), the full[1] value of the following personal property (the "Property"):

| Description of Property | Value of Claimed Exemption | Value of Property without Deducting Exemption |
|---|---|---|
| Lot, Wilson, New York | $40,000.00 | $40,000.00 |
| Regions Checking Account | $2,809.00 | $2,809.00 |
| Suntrust Money Market Account #3564 | $43,000.00 | $43,000.00 |
| Fidelity Account | $278,060.00 | $278,060.00 |
| Household Goods and Furnishings: Contents of 2265 McMullen Booth Road | $2,500.00 | $2,500.00 |
| Collectibles: (6) 1950's Boat motors | $1,200.00 | $1,200.00 |
| 2140 Catalina Dr, LLC | $12,000.00 | $12,000.00 |
| Madrid Ventures, LLC | $380,000.00 | $380,000.00 |
| Bayshore Heights, LLC | $100.00 | $100.00 |
| Belleair Capital Group, LLC[2] | $100.00 | $100.00 |

---

[1] Swanson notes that there is a $2,000.00 discrepancy between the values claimed pre-deduction and post-deduction. For the purposes of this Objection, Swanson assumes this was a typographical error on the part of the Debtor in preparing his schedules.

| | | |
|---|---|---|
| 2011 Buick Lacrosse | $16,000.00 | $16,000.00 |
| 2013 GMC 1500 | $10,000.00 | $8,000.00 |
| (3) Motor Scooters | $4,000.00 | $4,000.00 |
| (3) Motor Cycles (Yamaha Stratoliner, Honda Silverwing, Honda (dirt) | $10,000.00 | $10,000.00 |
| (3) Trailers | $1,000.00 | $1,000.00 |
| Misc. tools, Building Materials and Supplies | $1,000.00 | $1,000.00 |
| Hilton Timeshare | $2,500.00 | $2,500.00 |
| | | |
| **Total** | **$804,269.00** | **$802,269.00** |

5.  Pursuant to 11 U.S.C. § 522(b)(3)(B), an individual debtor may exempt from property of the estate….."any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law."

6.  In sum, Swanson has declared all of his personal property – approximately $800,000.00 worth - to be exempt from the claims of creditors as property held as tenants by the entireties with his spouse.

7.  Swanson objects to the Debtor's claims of exemption of the Property to the extent additional investigation determines that such Property fails to meet the requirements for this exemption under Florida law.

8.  Swanson is scheduled to conduct a Rule 2004 examination of the Debtor on June 24, 2015 (the "2004 Exam"), and has requested the Debtor to produce certain documents specifically pertaining to the exemptions in connection therewith.

---

[2]   Swanson notes that the Debtor filed an Amendment to Schedule B (Doc. No. 43) to delete the Debtor's interest in Belleair Capital Group, LLC; however, such Amendment was stricken by the Court, as it was not properly served (Doc. No. 44).

9. The documentation requests require the Debtor to provide strict proof of the basis of the aforementioned exemptions.

10. Further, the Debtor claims the following accounts as exempt pursuant to Fla. Stat. § 222.21(2) (the "Accounts"):

| **Description of Property** | **Value of Claimed Exemption** | **Value of Property without Deducting Exemption** |
|---|---|---|
| Allianz Annuity | 100% | $139,223.00 |
| Allianz IRA | 100% | $83,472.00 |
|  |  |  |
| **Total** |  | **$222,695.00** |

11. Swanson objects to the Debtor's claim of exemption of the Accounts as it is unknown at this time whether the Accounts satisfy the requirements of § 222.21(2).

12. More specifically, there is no information as to when the Accounts were funded, or whether there is a basis for objection to the exemption pursuant to Fla. Stat. § 222.30.

13. Again, Swanson has requested a significant amount of documentation pursuant to the 2004 Exam Notice, and is confident such documents will reveal information regarding the Debtor's interest in the Property and the Accounts, and the estimated values of same.

WHEREFORE, Joseph Swanson, Linda Swanson and Linda Swanson as Trustee of the Linda Zeigler Swanson Living Trust u/t/d 12/16/02 respectfully request the entry of an order (i) sustaining their objection to the Debtor's claims of exemption; (ii) denying the claimed exemptions of the Property and the Accounts; and (iii) such other and further relief as the Court

deems just and proper.

        /s/ *Andrew W. Lennox*
        Andrew W. Lennox    (FBN: 937681)
        Casey Reeder Lennox    (FBN: 041986)
        Lennox Law, P.A.
        4905 S. Westshore Blvd.
        Tampa, Florida 33611
        Tel: 813-831-3800
        Fax: 813-749-9456
        Primary E-mail:    alennox@lennoxlaw.com
                                      clennox@lennoxlaw.com
        Secondary E-mail: eservice@lennoxlaw.com

*Counsel for Joseph Swanson, Linda Swanson and Linda Swanson as Trustee of the Linda Zeigler Swanson Living Trust u/t/d 12/16/02*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF electronic service to Traci K. Stevenson, Trustee, P.O. Box 86690, Madeira Beach, FL 33738; and Michael C. Markham, P.O. Box 1100, Tampa, FL 33601-1100; via U.S. mail to Peter C. Krauser, 2265 N. McMullen Booth Road, Clearwater, FL 33759; and to those parties receiving electronic notices via CM/ECF on this 22nd day of June, 2015.

        */s/ Andrew W. Lennox*
        Attorney